BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14-CV-01611-GEB-EFB |
| Plaintiff, | JOINT STATUS REPORT |
| v. | Date:  October 27, 2014<br>Time:  9:00 a.m. |
| APPROXIMATELY $433,010.00 IN U.S. CURRENCY, | Court: Hon. Garland E. Burrell |
| Defendant. | |

The United States and Claimant Marshal Rothman hereby submit the following Joint Status (Pretrial Scheduling) Report:

**Brief Case History and Summary of the Claims**

This is a civil asset forfeiture case. On January 18, 2014, United States Department of Homeland Security, Homeland Security Investigations ("HSI") seized $433,010 in cash (the "Defendant Currency") from a Yellow Freight shipping container in Tracy, California.[1]

On July 8, 2014, the United States filed a verified complaint (the "Complaint") alleging that the Defendant Currency constituted drug proceeds and is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6). (ECF No. 1)  On August 20, 2014, Claimant Marshal

---

[1] A complete recitation of facts can be found in the Complaint. (ECF No. 1.)

Rothman ("Claimant") filed a claim to the Defendant Currency. (ECF No. 8). To date, and by agreement of the parties, Claimant has not yet answered the Complaint.

### (A)     Statement as to Status of Service.

Claimant has been served and has appeared in the action. The United States has provided service by publication pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Admiralty Rules"), beginning on July 12, 2014, and continuing for 30 days thereafter. (ECF No. 8). Other than Claimant, no one has filed a claim or otherwise attempted to intervene in this action.

### (B)     A Statement as to the Possible Joinder of Additional Parties.

The United States does not anticipate joinder of additional parties.

### (C)     Any Contemplated Amendments to the Pleadings.

The United States does not anticipate amendments to the pleadings, but reserves the right to do so if the development of the case so dictates.

### (D)     Statutory Basis of Jurisdiction and Venue.

This Court has jurisdiction pursuant to 28 U.S.C. § 1355(a), and venue pursuant to 28 U.S.C. § 1395(b).

### (E)     Anticipated Motions with Suggested Dates.

The United States contemplates filing a dispositive motion. Claimant may also seek to file a dispositive motion. The parties seek a motion cut-off date of December 15, 2015.

**(F)   Anticipated and Outstanding Discovery.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(ii), initial disclosure is not required in this case.

**(G)   Written Report Outlining the Proposed Discovery Plan required by FRCP 26(f).**

*26(f)(3)(A), initial disclosures*.  Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(ii), initial disclosure is not required in this case.

*26(f)(3)(B), discovery generally*.  The United States intends to serve interrogatories, requests for production of documents, and requests for admissions pursuant to the Federal Rules of Civil Procedure, and to take depositions of relevant individuals, including Claimant, concerning their involvement in and knowledge of the reason for the shipment of the Defendant Currency and its nexus to narcotics.

Claimant may also serve interrogatories, requests for production of documents, and requests for admissions pursuant to the Federal Rules of Civil Procedure, and to take depositions of relevant individuals concerning their involvement in and knowledge of the shipment in this case, investigation into the case and individuals involved in this case, and other facts alleged in the Complaint.

*26(f)(3)(C), electronic discovery*.  The United States does not anticipate seeking electronic discovery from Claimant, but reserves the right to do so if Claimant indicates that he keeps relevant records or information in electronic form.

*26(f)(3)(D), privileges*.  The investigation in this case is continuing.  As a result, the United States may invoke investigative and law enforcement privileges throughout the course of this case.  It is possible that Claimant may seek to invoke his Fifth Amendment privilege against self-incrimination.

*26(f)(3)(E), changes in limitations on discovery*.  The parties do not see a need for changes in the limits on discovery under the Federal Rules of Civil Procedure or under this Court's Local Rules.

*26(f)(3)(F)*, *any other orders under Rules 26 or 16*.  The parties do not see a need for any such rules.

**(H)    Proposed Schedule of Future Proceedings.**

| Event | Date/Deadline |
|---|---:|
| Expert Disclosure | May 1, 2015 |
| Supplemental Expert Disclosure | June 1, 2015 |
| Non-Expert Discovery Cutoff | August 1, 2015 |
| Expert Discovery Cutoff | October 15, 2015 |
| Dispositive Motion Filing Cutoff | December 15, 2015 |
| Final Pre-Trial Conference Date | March 2, 2016 |
| Trial Date | June 8, 2016 |

**(I)    Estimated Length of Trial.**

Five days.

**(J)    Appropriateness of Special Procedures Such as Reference to a Special Master or Agreement to Try the Matter Before a Magistrate Judge Pursuant to 28 U.S.C. § 636(c).**

The United States requests to stay before the District Judge in this case.

**(K)    Modification of Standard Pretrial Procedures Because of the Simplicity or Complexity of the Case.**

None proposed at this time.

**(L)    Statement as to Whether the Case is Related to Any Other Case, Including Matters in Bankruptcy.**

The parties do not believe the case is related to any other matter before the Court, in bankruptcy or otherwise.

**(M)    Settlement Prospects.**

Unknown.  At this time, the parties do not believe that a settlement conference is appropriate. The parties do not object to the trial judge acting as a settlement judge in this matter.

**(N)** **<u>Any Other Matters Discussed That May Add to the Just and Expeditious Disposition of This Matter.</u>**

None.

Dated: 10/27/14

BENJAMIN B. WAGNER
United States Attorney

/s/ Jeffrey A. Spivak
JEFFREY A. SPIVAK
Assistant U.S. Attorney

Dated: 10/23/14

LAW OFFICES OF DAVID M. MICHAEL

/s/ David M. Michael
DAVID M. MICHAEL